# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MANUEL MARTINEZ, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-00208-JD-SLC |
| | ) |
| ANNETTE S. WALTERS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion to compel filed by Defendant Annette Walters on November 13, 2015, seeking to compel certain deposition testimony of Plaintiff Manuel Martinez ("Manuel"). (DE 19). Neither Manuel nor Plaintiff Socorro Martinez have filed a response to the motion, and the time to do so has now expired.

As background, Plaintiffs filed this case against Walters on July 11, 2014, seeking to recover damages for injuries they sustained in an August 2013 automobile accident. (DE 1). The initial discovery deadline of June 29, 2015, has been extended to January 28, 2016. (DE 18). During Manuel's deposition on June 22, 2015, defense counsel asked Manuel how he "g[o]t hooked up with" a certain treating medical specialist, and Manuel responded "[t]hrough the lawyer." (DE 20-1 at 3). When defense counsel asked Manuel more specifically who referred him to the treating medical specialist, Manuel's counsel objected, asserting that the question was irrelevant and seeks privileged information. (DE 20-1 at 3). Counsel could not resolve the dispute at the deposition or during a telephone conference on November 11, 2015. (DE 20-2).

Under Federal Rule of Civil Procedure 37(a)(3), a party is permitted to file a motion to compel discovery where another party fails to answer a question posed during a deposition. *See, e.g., Becker v. Porter Cty. Sheriff's Dept.*, No. 2:06-CV-350-JVB, 2008 WL 2333142, at \*1 (N.D.

Ind. June 3, 2008). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (citation omitted).

Here, the question posed by defense counsel seeks relevant information, as who referred Manuel to the treating specialist could support or undercut an argument of the specialist's bias. Furthermore, Plaintiffs have not convinced the Court that the question seeks information protected by the attorney-client privilege, *see generally Med. Assurance Co. v. Weinberger*, 295 F.R.D. 176, 185 (N.D. Ind. 2013) ("The privilege is limited only to confidential communications made from a client to an attorney and to most communications from an attorney to a client that constitute legal advice." (citing *United States v. Defazio*, 899 F.2d 626, 635 (1990))), as Plaintiffs have not filed a response brief to the motion to compel, and thus, have not advanced any arguments in support of the privilege. "The party seeking to invoke the privilege bears the burden of proving all of its essential elements[.]" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217 (N.D. Ill. 2013) (quoting *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)).

Consequently, on this record, the Court GRANTS the motion to compel (DE 19) and ORDERS Manuel to answer the question posed at the deposition concerning who referred him to the medical specialist.

SO ORDERED.

Enter for this 3rd day of December 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge